## STERNAMAN v. PECK, United States Marshal.

(Circuit Court of Appeals, Second Circuit. July 10, 1897.)

EXTRADITION—MURDER—VENUE.
   One accused of poisoning, resulting in death in Canada, may be extradited, though it appears that the poison, if administered at all, was given in this country.

This was an application for a writ of habeas corpus to procure the release of Olive A. Sternaman, who had been committed by a commissioner for extradition to Canada on the charge of murdering her husband by administering poison. The circuit court, after a hearing, discharged the writ (77 Fed. 595), and the petitioner appealed. This court, in an opinion filed May 26, 1897, affirmed the order below. 26 C. C. A. 214, 80 Fed. 883. The petitioner has now filed an application for a rehearing.

From the facts brought forth on the hearing before the commissioner it appeared that the accused and her husband, for some time prior to the latter's death, were in Buffalo, N. Y., where he was attended by physicians, and that six days before his death the accused took him to Canada, where he died. The petition for rehearing, after setting forth the proceedings heretofore had, continued as follows:

"That on the argument before the district court, on the return of the said writs, the objection was made on the behalf of the said Olive A. Sternaman that the depositions taken in Canada were improperly certified, and were inadmissible in evidence; but the court overruled said objection, and at the close of the argument dismissed the said writ of habeas corpus. That an appeal was thereupon duly taken to this court from the order dismissing the said writ. That the said appeal was argued at the present term of this court, and on the 26th day of May, 1897, this court rendered its decision affirming said order. Your petitioner further alleges that this court, in its opinion written by Judge Wallace, decided that there was evidence before the United States commissioner tending to show that the said Olive A. Sternaman had committed the crime with which she was charged; but that the court also decided that the depositions taken in Canada were not authenticated by the certificate of the principal diplomatic or consular officer of that country, as required by section 5 of the act of congress of August 3, 1882 (22 Stat. 216); and, as your petitioner understands, this court, in reaching its conclusion, wholly disregarded, and intended to wholly disregard and lay out of view, the said depositions. For proof of this statement your petitioner begs leave to refer to the language of the aforesaid opinion of Judge Wallace. Your petitioner further alleges that among the depositions so held to have been improperly received in evidence before the commissioner was the deposition of Dr. Ellis, of Toronto, the chemist who analyzed the viscera taken from Sternaman's body, and who swore to having found arsenic therein; also that one of the two depositions of the undertaker in which he swears that he did not embalm the body of Sternaman; and also the depositions of the two physicians in Canada who attended Sternaman in his last illness. And your petitioner alleges and states as a fact that, leaving out the said depositions from the case, there was absolutely and literally

no evidence whatever before the United States commissioner showing or tending to show the commission of any crime by the said Olive A. Sternaman at any place within the dominion of Canada, but, on the contrary, the evidence shows that, if a murder was committed at all, it was committed at Buffalo, New York. Your petitioner alleges that in the presentation of the appellant's case before this court he failed adequately to call the court's attention to the situation in which the case would be left with the said depositions omitted therefrom, and he believes that, by reason of such failure upon his part, the court overlooked the fact that the crime, if any there was, was committed in the United States, and not in Canada; and that, should the order of this court stand, a grave injustice against the appellant would be committed. And your petitioner, representing the said Olive A. Sternaman as her counsel, respectfully petitions the judges of this court, or one of them, for leave to move for a rehearing of this case upon this ground. Your petitioner further certifies that this application is made in good faith, and not for delay. And your petitioner will ever pray," etc.

Frank C. Ferguson and Wallace Thayer, for appellant.

W. A. Poucher, U. S. Atty., and W. H. Mackey, Asst. U. S. Atty., for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. In deciding this case the court did not overlook the point which is now raised for the first time, and made the basis of an application for a reargument; but, as the point had not been presented, the court did not deem it necessary to discuss it. We think it is not well taken. Ex parte Rousse, Stew. R. (Lower Canada) 321; 2 Geo. II. c. 21; 14 Geo. III. c. 83; Tyler v. People, 8 Mich. 320; Com. v. Macloon, 101 Mass. 1. The application for a reargument is denied.